IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ZACHARY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-CV-0098-VEH |
| | ) |
| RAMON GONZALEZ and KARS 2 | ) |
| GO TRANSPORT GROUP, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND PROCEDURAL HISTORY

On June 1, 2015, the Plaintiff, Zachary Smith, was driving a tractor trailer owned by PGT Trucking Inc. ("PGT"), when he collided with a car hauler owned by Kars 2 Go Transport Group ("Kars 2 Go"). Although Smith was authorized by PGT to drive the truck, and was driving it on behalf of PGT, he was not an employee of PGT at the time. Instead, according to Smith, "[h]e is employed by a different entity and that entity is on a trip lease with PGT." (Doc. 3 at 2). Ramon Gonzalez, an employee of Kars 2 Go, was driving the car hauler at the time of the accident.

On November 3, 2016, Gonzalez filed suit against Smith and PGT in the Circuit Court of Jefferson County, Alabama. (Doc. 7-1 at 2-6 (complaint in *Ramon Gonzalez v. Zachery Lee Smith and PGT Trucking, Inc.*, 01-CV-2016-904091)). In that action,

Gonzalez alleged that the accident was caused by the direct[1] negligence (Count One) and/or direct wantonness (Count Two) of Smith and PGT. (Doc. 7-1 at 2-6).

On May 31, 2017, PGT filed an answer to Gonzalez's claims. (Doc. 25-2). Consolidated with that answer was a counterclaim alleged against two parties: Gonzalez, the original plaintiff in that case; and Kars 2 Go, which was added to the case as a counterclaim defendant. (Doc. 25-2). In the counterclaim, PGT contends that the accident was a result of the negligence (Count One) and wantonness (Count Two) of Gonzalez. The counterclaim alleges that Kars 2 Go is responsible for Gonzalez's actions under the doctrine of *respondeat superior*.

On October 9, 2017, Kars 2 Go filed an answer to the counterclaim, which it consolidated with a counterclaim of its own against Smith and PGT. (Doc. 25-3). The Kars 2 Go counterclaim alleges that the accident was caused by the negligence (Count One) and wantonness (Count Two) of Smith, and that PGT is responsible for Smith's actions under the doctrine of *respondeat superior*. The Kars 2 Go counterclaim also alleges that PGT is liable for the negligent and wanton entrustment of a vehicle to Smith (Count Three), and the negligent and wanton hiring, training, supervision, and retention

---

[1] The complaint in that case does not allege that PGT was liable for Smith's actions based on the doctrine of *respondeat superior*. Instead, the complaint sets out separate counts for negligence and wantonness, and generally alleges that the "Defendants" are liable under each theory. (*See* doc. 7-1 at 4, 5).

of Smith (Count Four).

Smith filed no claims in the state court case. Instead, on January 18, 2017, Smith filed the instant case against Gonzalez and Kars 2 Go. (Doc. 1). Smith alleges that the accident was a result of the negligence (Count One) and wantonness (Count Two) of Gonzalez, and that Kars 2 Go is responsible for Gonzalez's actions under the doctrine of *respondeat superior*. (Doc. 1). Smith also alleges that Kars 2 Go is liable for the negligent and wanton entrustment of its vehicle to Gonzalez. (Count Three).

On February 8, 2017, the Defendants in the instant case moved to dismiss this case arguing that, under the Alabama Rules of Civil Procedure, this action is a compulsory counterclaim to the state court case. (Doc. 7). This Court denied the motion writing:

> Rule 13(a)(3) of the Alabama Rules of Civil Procedure carves out an exception [to the compulsory counterclaim rule] for when "the opposing party's claim is for damage covered by a liability insurance policy under which the insurer has the right or the obligation to conduct the defense." ALA. R. CIV. P. 13(a)(3). That is exactly the case here.

(Doc. 12 at 2).

This case now comes before the Court on the Defendants' Motion To Dismiss or to Stay (the "Motion") based on the "abstention doctrine" set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). (Doc. 25). For the reasons stated herein, the Motion will be **GRANTED**, and this case will be

3

STAYED.

## II. ANALYSIS

Very recently, a panel of the Eleventh Circuit Court of Appeals wrote:

The *Colorado River* abstention doctrine "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. (alteration adopted) (internal quotation marks omitted). We emphasize, however, that the doctrine presents an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id*. at 813, 96 S.Ct. 1236. "[W]hile abstention as a general matter is rare, *Colorado River* abstention is particularly rare." *Jackson-Platts v. Gen. Elec. Capital Corp*., 727 F.3d 1127, 1140 (11th Cir. 2013). "Only the clearest of justifications merits abstention." *Id*. (internal quotation marks omitted).

Under *Colorado River*, federal courts may "abstain from a case if (1) a parallel lawsuit was proceeding in state court, and (2) judicial-administration reasons so demanded abstention." *Id*. A "parallel" suit is "one involving substantially the same parties and substantially the same issues." (internal quotation marks omitted). Where there are parallel federal and state proceedings, federal district courts must weigh a number of factors in analyzing whether abstention is appropriate:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004). This is a flexible inquiry in which no single factor is dispositive, but courts are required to weigh the factors with a heavy bias in favor of the exercise of federal jurisdiction. *Id*. at 1332.

4

*Barone v. Wells Fargo Bank, N.A.*, No. 16-16079, 2017 WL 4179820, at *5–6 (11th Cir. Sept. 21, 2017) (footnotes omitted).

### A. There Is Parallel Litigation

The parties agree that the federal and state proceedings are parallel. (*See* doc. 25 at 3-4; doc. 31 at 4-5). The Court concurs. Accordingly, the Court must only determine whether the *Ambrosia Coal* factors dictate abstention.

### B. Abstention Is Appropriate in This Case

#### 1. *Whether One of the Courts Has Assumed Jurisdiction over Property*

The first factor favors abstention "only where there is a proceeding in rem." *Barone*, 2017 WL 4179820, at *5 (quoting *Jackson-Platts*, 727 F.3d at 1141). The parties agree that this case is not an action in rem, but disagree as to whether this factor is neutral (*see* doc. 25 at 5; doc. 32 at 1-2), or "favors the Court retaining jurisdiction" (*see* doc. 31 at 5). There is some validity to each position. In the past, the Eleventh Circuit has determined that factors which have no impact on the analysis are "neutral." *See Jackson-Platts*, 727 F.3d at 1143 (finding that because both the state and federal forums were equally adequate to protect the parties' rights, the sixth factor was "neutral"); *Ambrosia Coal*, 368 F.3d at 1334 (same). However, as noted by the Eleventh Circuit in *Barone*, "courts are required to weigh the factors with a heavy bias

in favor of the exercise of federal jurisdiction." *Barone*, 2017 WL 4179820, at *5 (citing *Ambrosia Coal*, 368 F.3d at 1332) (emphasis added). Accordingly, as a practical matter, "neutral" factors, such as this one, cut <u>against</u> abstention and in favor of jurisdiction.[2]

### 2. *The Inconvenience of the Federal Forum*

"The second factor concerns the inconvenience of the federal forum, primarily its physical proximity to the evidence and witnesses." *Barone*, 2017 WL 4179820, at *5 (citing *Jackson-Platts*, 727 F.3d at 1141). Although this factor refers to the "forum" as a whole, the parties focus on the location where the <u>trial</u> will be held. Since "physical proximity to the evidence and witnesses" is the primary concern, and evidence and witnesses are typically things you might see at a trial, the Court agrees that this is appropriate. As noted previously, the state court action is filed in Jefferson County, Alabama, so the trial, and any other Court settings, will be held there. The federal forum is the Northern District of Alabama, and, if this case goes to trial, it will be tried in the federal courthouse in Anniston, Alabama, which is in Calhoun County.[3]

---

[2] Be that as it may, "[t]his is a flexible inquiry in which no single factor is dispositive." *Barone*, 2017 WL 4179820, at *5.

[3] Subject to exceptions not relevant here, the Northern District of Alabama's "Plan for Random Selection of Grand and Petit Jurors" (the "Jury Plan") provides that "[a]ll jury trials will be held in the jury divisional area in which the case is filed." *Jury Plan*, at 1. A current copy of the Jury Plan can be found at:

Contrary to the Defendants' arguments (see doc. 32 at 2), this Court does not have discretion to set the trial of this matter in Birmingham, although it often does set pretrial matters in whichever courthouse is most convenient for counsel.

Smith is from Jefferson County. Furthermore, at least two of his medical providers, Brookwood Hospital and his Trussville, Alabama surgeon, are located in Jefferson County.[4] Also, Bridgette Lavender, one of the witnesses to the accident, resides in Jefferson County. A trial in Birmingham would obviously be more convenient for these witnesses. Smith identifies no witnesses who live in Anniston or Calhoun County, although he argues, correctly, that a trial held in Anniston would be more convenient to the first responders to the accident from Cleburne County–the Cleburne County EMS and police. (Doc. 31 at 6).

There is another factor to consider–Birmingham has a major airport. In the instant case, witnesses flying to Birmingham would have to drive to Anniston for trial. Therefore, a trial in Birmingham would be more convenient for Gonzalez, who is a resident of Miami, Florida, and employees from both Kars 2 Go, which is based in Miami, and PGT, which is based in Pennsylvania. Another witness to the accident is

---

http://www.alnd.uscourts.gov/sites/alnd/files/Amended%20Jury%20Plan.pdf

This case is filed in the Eastern Division of the Northern District of Alabama. The Jury Plan provides that it must therefore be tried in the federal courthouse in Anniston, Alabama.

[4] The Defendants argue that there are others medical providers in Jefferson County.

located in Mississippi. Whether that witness flies or drives, Birmingham is a more convenient forum than Anniston, as Birmingham is closer to Mississippi. Because the federal forum would be more inconvenient for <u>most</u> witnesses[5], this factor favors abstention.

### 3. *The Potential for Piecemeal Litigation*

The Eleventh Circuit has stated:

> The third factor concerns the avoidance of piecemeal litigation. *Ambrosia Coal & Constr. Co.*, 368 F.3d at 1333. This factor, however, does not favor abstention whenever there is a parallel state case "involving substantially the same parties and substantially the same issues." *See Jackson-Platts*, 727 F.3d at 1140, 1142. Rather, the "circumstances enveloping those cases" must be likely to "lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333.

*Barone*, 2017 WL 4179820, at *5. The state court complaint, like the Complaint in the instant case, involves claims for negligence and wantonness concerning the same accident. (*Compare* doc. 1 at 2-5, doc. 7-1 at 4-6). Furthermore, every <u>claim</u> which arose out of the accident, except Smith's, is already filed in the state court case as either a complaint or counterclaim. A judgment in the state court case would be more comprehensive, and would likely address all of the issues in <u>this</u> case.[6] "[P]arallel

---

[5] No party argues that the proximity of any <u>physical evidence</u> is a relevant concern.

[6] Although these arguments were made by the Defendants, the Plaintiff's response merely cites a block quote from *Ambrosia Coal*, and then states: "There is certainly nothing particularly

8

litigation with identical factual allegations in which plaintiffs assert virtually identical legal claims encompassing the same elements and burdens of proof favors abstention because the litigants and the court are exposed to unnecessary inconvenience, expense, and the danger of needless duplication of effort." *Daniel v. Cullman Cty. Court Referral, LLC*, No. 5:15-CV-00101-AKK, 2015 WL 3604210, at *3 (N.D. Ala. June 8, 2015) (Kallon, J.); *see also Amason & Assocs., Inc. v. Columbus Land Dev., LLC*, No. 7:12-CVB02459-JHE, 2014 WL 467509, at *12 (N.D. Ala. Feb. 5, 2014) (England, M.J.) ("Having the same factual claims in state and federal courts cause unnecessary inconvenience and expense and raise a distinct danger of duplicative, piecemeal litigation. The more the two actions are alike, the more this is exacerbated."); *Sides v. Simmons*, No. 07-80347-CIV, 2007 WL 3344405, at *3 (S.D. Fla. Nov. 7, 2007) (Ryskamp, J.) ("The danger of piecemeal litigation is great [when] the issues being litigated in state court mirror those issues being litigated in federal court."). This factor weights heavily in favor of abstention.

### 4. *The Order in Which the Fora Obtained Jurisdiction*

The Eleventh Circuit has stated:

> The fourth factor—"the order in which the fora obtained jurisdiction"—does not turn strictly on the chronological order in which

---

complicated about the law or facts in these two cases that would lead to piecemeal litigation that would qualify as abnormally excessive or delirious [sic]." (Doc. 31 at 8).

the proceedings were initiated. *Id*. Rather, what matters for this factor is the relative progress of the proceedings. *Jackson-Platts*, 727 F.3d at 1142.

*Barone*, 2017 WL 4179820, at *6.

The state court action was filed on November 3, 2016 (doc. 7-1), while this action was filed on January 18, 2017 (doc. 1). Also, as noted above, every claim which arose out of the accident, except Smith's, is already filed in the state court case as either a complaint or counterclaim. Accordingly, the claims in the state court case are more comprehensive that those in the instant case. That being said, Kars 2 Go was not added to the state court case until May 31, 2017, and did not file its answer and counterclaim until October 9, 2017, one day before the instant motion was filed. (Doc. 31 at 8).

Although neither case is trial ready[7], discovery is further along in the state court case. The Plaintiff notes that PGT has served paper discovery on Gonzalez and Kars 2 Go in that case, and Gonzalez has responded to same. (*See* doc. 31 at 3). In the instant case, the discovery deadline, which was originally October 31, 2017, was initially extended by 90 days (doc. 22), then stayed altogether until a ruling on the instant motion (doc. 30). It seems that no paper discovery, nor even initial disclosures

---

[7] While the Defendants in this case say that they "expect" that the trial of the state court case will occur "relatively soon" (doc. 32 at 6), such speculation adds nothing to this Court's analysis.

(*see* doc. 31 at 3), has occurred in this case. At least as of the date the briefs on the instant motion were filed, no depositions had been taken in either case. (*See* doc. 31 at 9; doc. 32 at 7).[8]

Upon consideration of the pleadings which have already been filed in the state court case, and the discovery which has been conducted therein, Court concludes that the order in which each forum obtained jurisdiction over the issues in this case favors abstention.

### 5.  *Whether State or Federal Law Will Be Applied*

"'[T]his factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve.'" *Barone*, 2017 WL 4179820, at *6 (citing *Jackson-Platts*, 727 F.3d at 1143). The state court, and this Court, are equally capable of applying the state law applicable to these claims.[9] This factor does not favor abstention.

### 6.  *The Adequacy of the State Court To Protect the Parties' Rights.*

"'The sixth and final factor concerns whether the state court can adequately

---

[8] Although it seems that several were noticed, in both cases (*see* doc. 32 at 5-6), and possibly have been taken by now.

[9] Although the Plaintiff admits that "Alabama law is applicable to both cases" (doc. 31 at 10), and that both cases "are primarily Alabama negligence and wantonness claims" (doc. 31 at 11), he seems to imply that abstention is inappropriate because some interpretation of the Federal Motor Carrier Safety Regulations may be necessary *see* doc. 31 at 10-11). If that is so, the state court is in as good a position to do so as this Court.

protect the parties' rights.'" *Barone*, 2017 WL 4179820, at *6 (quoting *Jackson-Platts*, 727 F.3d at 1143)). In this instance, the state court can adequately protect the parties' rights. This factor is neutral.[10]

### III. CONCLUSION

At the end of the day, a trial in Birmingham, Alabama would be more convenient for most parties. Furthermore, the Court finds that there is an extreme danger and probability of piecemeal litigation in this instance, and that the state court case is already somewhat further along. For those reasons, abstention is appropriate and this case is **STAYED** until the state court case is resolved. *See*, *Barone*, 2017 WL 4179820, at *6, n. 8 ("Even assuming that the district court properly abstained under *Colorado River*, staying, rather than dismissing, Barone's federal action would have been the correct course."); *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) ("[A] stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine") (internal quotations and citations omitted). The clerk of court is **ORDERED** to administratively close this matter until such time as the parties notify the court that the state court case is resolved.

---

[10] The Plaintiff's argument that Alabama's compulsory counterclaim rule, which only allows him to file this claim, mitigates against abstention (*see* doc. 31 at 11-12), is without merit.

**DONE** and **ORDERED** this 4th day of January, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge